# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CHARLES LIVERMORE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> UNIFUND CCR, LLC, PILOT RECEIVABLES MANAGEMENT, LLC, and DISTRESSED ASSET PORTFOLIO III, LLC <br><br> Defendants. | Case No.: 17-cv-1051 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Charles Livermore is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him debts allegedly incurred for personal, family, or household purposes, namely a personal credit card.

5. Plaintiff is a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that he allegedly engaged in consumer credit transactions – purchases of household goods and services with a personal credit card.

6. Defendant Unifund CCR, LLC ("Unifund") is a debt collection agency with its principal offices located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7. Unifund is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Unifund is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9. Unifund is a debt collector as defined in 15 U.S.C. § 1692a.

10. Defendant Pilot Recievables Management, LLC ("Pilot") is a foreign corporation with its principal offices located at 10625 Techwoods Circle, Cincinnati, OH 45242.

11. Defendant Distressed Asset Portfolio III, LLC ("DAP III") is a foreign corporation with its primary offices located at principal offices located at 10625 Techwoods Circle, Cincinnati, OH 45242.

12. DAP III, and Pilot are engaged in the business of a collection agency under Wisconsin law, in that they purchase and receive assignment of consumer debts that are in default at the time DAP III or Pilot acquire them. DAP III and Pilot also collect debts owed to others.

13. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of

2

forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

14. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

15. DAP III, Pilot, or both are "merchants" as defined in the WCA, as either or both entities have, or claim to have, taken assignment of Plaintiff's former consumer credit card account, originally owed to Citibank, N.A. ("Citibank"). Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

16. The WCA's debt collection chapter applies to all persons collecting consumer debts, including those collecting debts owed to themselves. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

17. DAP III and Pilot have engaged third party debt collectors, including Unifund, to collect allegedly defaulted debts that have been assigned to them.

18. A company meeting the definition of a "debt collector" (DAP III or Pilot) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

# FACTS

19. Prior to May 30, 2017, Plaintiff's credit card account with Citibank went into default.

20. On or about May 30, 2017, Citibank mailed a letter to Plaintiff informing him that his debt to Citibank had been sold to "Pilot Receivables Management, LLC." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

21. On or about June 15, 2017, Unifund mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "DISTRESSED ASSET PORFOLIO III, LLC," which listed Citibank as the original creditor. A copy of this letter is attached to this complaint as <u>Exhibit B</u>.

22. Upon information and belief, <u>Exhibit B</u> is a form letters, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. Upon information and belief, <u>Exhibit B</u> is a form debt collection letter used by Unifund to attempt to collect alleged debts.

24. <u>Exhibit B</u> lists the address of the original creditor, Citibank, directly above the statement of the creditor to whom the debt is owed as follows:

```
Original Creditor: CITIBANK, NA
Original Creditor Address:  CITIBANK CUSTOMER SERVICE PO BOX 6500, SIOUX FALLS, SD 57117
Current Creditor to Whom the Debt is Owed: DISTRESSED ASSET PORTFOLIO III, LLC
```

25. Citibank and DAP III are two distinct business entities.

26. <u>Exhibit B</u> lists Citibank's address directly above DAP III's name on <u>Exhibit B</u>.

27. Listing Citibank's address on <u>Exhibit B</u> directly above the current creditor's name is a material false, misleading, or confusing statement.

4

28. The unsophisticated consumer would mistakenly believe that the address listed in paragraph 25 from <u>Exhibit B</u> was the address of the current creditor. Certainly, the consumer would be more familiar with Citibank and its payment address than with Unifund.

29. Including the original creditor's address in the validation letter is misleading. It directs the unsophisticated consumer to make payments and send disputes to the wrong party.

30. If the consumer sent a check to CITIBANK instead of DAP III or Pilot Receivables, the payment would not satisfy the alleged debt owed to the creditor to whom the debt is purportedly owed, DAP III or Pilot, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

31. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

32. Additionally, if the consumer wrote to Citibank's address to dispute the debt or request verification, because Citibank no longer owns the debt, the dispute or verification request would be futile and the thirty day window to dispute or request verification with Unifund would likely pass before the consumer became aware of the error.

33. Inclusion of the previous creditor's address in the validation letter thus overshadows the FDCPA debt validation notice.

34. Additionally, looking at the letters referenced in <u>Exhibits A and B</u> together, the unsophisticated consumer would be baffled as to whether DAP III or Pilot Receivables presently owned the debt in question.

35. Plaintiff was confused by <u>Exhibit A</u> and <u>Exhibit B</u>.

5

36. Plaintiff had to spend time and money investigating Exhibit A and Exhibit B and the consequences of any potential responses to Exhibit A and Exhibit B.

37. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A and Exhibit B.

38. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v.*

6

*Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

39. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

40. Count I is brought against defendant Unifund.

41. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42. <u>Exhibit B</u> lists the address of the original creditor of the debt next to the name of the current owner of the debt.

43. The language in Portfolio's letter is false, misleading and confusing to the unsophisticated consumer. If the unsophisticated consumer sent payment to the listed address, the payment would not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

44. Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10).

## COUNT II – FDCPA

45. Count II is brought against defendant Unifund.

7

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. Unifund's June 15, 2017 letter referenced in <u>Exhibit B</u> is misleading and confusing to the unsophisticated consumer, in that the letter specifies DAP III as current owner of the Plaintiff's account just more than two weeks after the letter from Citibank referenced in <u>Exhibit A</u>, which specified Pilot as the owner of the account.

48. The unsophisticated consumer would be confused as to which entity was the actual owner of their debt or whether the June 15, 2017 letter from Unifund, referenced in <u>Exhibit B</u>, represented a legitimate attempt to collect the debt on behalf of DAP III.

49. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

50. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. Unifund's letter is confusing to the unsophisticated consumer, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a).

### COUNT III - WCA

52. Count III is brought against defendant Pilot.

53. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

54. Where Pilot is the actual owner of Plaintiff's debt, the June 15, 2017 <u>Exhibit B</u> sent to Plaintiff by Unifund to collect a debt on Pilot's behalf incorrectly specifies DAP III as the current owner and thereby claims and attempts to enforce a right with knowledge or reason to know that the right does not exist.

55. Defendant violated Wis. Stat. § 427.104(1)(j).

## COUNT IV - WCA

56. Count IV is brought against defendant DAP III and is pled in the alternative to Count III.

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58. Where DAP III is the actual owner of Plaintiff's debt, the June 15, 2017 Exhibit B sent to Plaintiff by Unifund to collect a debt on DAP III's behalf could reasonably be expected to harass the customer.

59. Defendant violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h).

## CLASS ALLEGATIONS

60. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent collection letters in the form represented by Exhibits A and B to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between July 28, 2016 and July 28, 2017, inclusive, (e) that was not returned by the postal service.

61. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

62. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10).

63. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

64. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

65. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

66. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 31, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com