# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CHARLES LIVERMORE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>UNIFUND CCR, LLC, PILOT RECEIVABLES MANAGEMENT, LLC, DISTRESSED ASSET PORTFOLIO III, LLC, and NORTHLAND GROUP INC.,<br><br>Defendants. | Case No.: 17-cv-1051<br><br>Hon. J.P. Stadtmueller |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, *INSTANTER***

Plaintiff Charles Livermore, by counsel, submits the following brief in support of Plaintiff's motion for leave to file the proposed Second Amended Complaint, filed *instanter*.

**INTRODUCTION AND STATEMENT OF THE CASE**

Plaintiff filed a Complaint against Defendants Unifund CCR, LLC ("Unifund"), Pilot Receivables Management, LLC ("Pilot"), and Distressed Asset Portfolio III, LLC ("DAP III"), alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA"), on July 31, 2017. (Dkt No. 1). Defendants Unifund, Pilot, and DAP III are related entities, and debt collectors, that sent Plaintiff a debt collection letter attempting to collect an alleged account Defendants purchased from Citibank, N.A. ("Citibank"). Unifund's letter states that the balance of Plaintiff's account was $19,548.08. Citibank's account statements, letters sent by its debt collectors, and the account information Unifund has produced in discovery show that, when Defendants purchased this debt, the balance of the account was actually $19,840.37.

Defendants' false statement of the account balance is a materially false statement that violates the FDCPA. The FDCPA requires that debt collectors provide alleged debtors with certain information, including "the amount of the debt." 15 U.S.C. §§ 1692g(a); 1692g(a)(1); *see Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). Debt collectors must disclose the information required under § 1692g in a non-confusing manner and the failure to do so *per se* violates the FDCPA without an inquiry as to the materiality of the defective disclosure. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324-25 (7th Cir. 2016). The FDCPA also generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and specifically prohibits "the false representation of the character, amount, or legal status of any debt." 15 U.S.C. §§ 1692e(2)(a). Thus a debt collector may violate the FDCPA even if it states the "correct" balance by "g[iving] a false impression of the character of the debt" if it does not itemize confusing adjustments or charges. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004). The inquiry under § 1692e(2)(a) is about whether the adjustment was "clearly and fairly communicated." *Fields*, 383 F.3d at 565. A debt collector that does not clearly communicate the nature of these adjustments also unfairly impairs the consumer's "ability to knowledgeably assess the validity of the debt." *Fields*, 383 F.3d at 566; 15 U.S.C. § 1692f (generally prohibiting the use of "any unfair or unconscionable means."). Defendants violated the FDCPA because they misstated the balance of the account, or alternatively because they did not explain why the balance decreased by almost $300 even though Plaintiff did not make any payment. Finally, consumers who are dunned for less than the actual balance of a debt may be sued for the whole balance. *See, eg., Midland Funding LLC v. Minh Tran et al.*, Case No. CGC 14-542668 (Calif. San Francisco Super. Ct. Nov. 12, 2014) (Dkt. 1, at ¶ 29, Ex. A

2

(attempting to collect charge off balance of $1,856.44 even though the "sale amount" was $1,816.44)).[1]

Plaintiff received Unifund's responses to Plaintiff's First Set of Discovery Requests on November 13, 2017. The documents produced show that the account information Citibank transmitted to Defendants included three possible balances: a "SALE AMOUNT," of $19,548.08, a "CHARGE OFF BALANCE" of $19,844.39, and a "CURRENT BALANCE" of $19,840.37. (*See* Proposed 2d. Am. Compl. (Appendix A), ¶¶ 53-59). However, at the time of the transfer, the Plaintiff's account had a "current balance" of $19,840.37. The documents also show that Defendants had actual knowledge that Plaintiff's account had a current balance of $19,840.37 when they mailed Plaintiff a letter stating that the balance was considerably less, $19,548.08.

As a legal matter, as well as a simple matter of plain English, the actual balance of the account is the "current balance," and the debt buyer may, and frequently does, attempt to collect the "current" balance notwithstanding the "sale amount" of a purchased debt. The *Minh Tran* case is particularly illuminating because, like the Defendants in this case, Midland had previously mailed debt collection letters that sought only the "sale amount" rather than the balance at charge off. Appendix A at Ex. B and Ex. E. Moreover, even if Defendants had decided to unilaterally forgive a portion of Plaintiff's debt, they clearly had knowledge that this type of adjustment would be confusing and misleading, and must be itemized so that the consumer can assess the validity of, and potentially dispute, the remaining balance.

Consistent with the Court's December 15, 2017 Order, Plaintiff requests leave to file a Second Amended Complaint (2d. Am. Compl.) to conform the facts and legal claims to the evidence produced in discovery so far and clarify how Defendants' debt collection letters relate

---

[1] The *Minh Tran* complaint is attached as Appendix B to the motion for leave to amend.

to the FDCPA and WCA claims pled in the original Complaint and the First Amended Complaint. The proposed 2d. Am. Compl. also streamlines this action by omitting claims from prior complaints pled against Northland Group, Inc. ("Northland") and Pilot.

## ARGUMENT

**I.   The Court should grant this routine motion to amend the complaint.**

Plaintiff respectfully requests leave to file the attached Second Amended Complaint to streamline the issues and plead facts that Plaintiffs learned in discovery. Doing so is routine and commonly permitted. The pleading standards in federal court are liberal; complaints need only contain "a short and plain statement" that, if true, shows that it is plausible that the Plaintiff may be entitled to relief. "[A] complaint ... does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiffs are not required to prove their case at the pleading stage. 578 F.3d 574, 580-81 (7th Cir. 2009); *In re: Text Messaging Antitrust Litig.*, 630 F. 3d 622, 629 (7th Cir. 2010).

Because complaints need not contain all the facts,[2] motions to amend complaints are routine and routinely granted, even after trial. Fed. Rule of Civil Procedure 15(a)(2) provides: "The court should freely give leave [to amend a complaint] when justice so requires." A district court should only deny a motion to amend a complaint if there is substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); *Verhein v. South Bend Lathe, Inc.* 598 F.2d 1061, 1063 (7th Cir. 1979). Leave to amend can be

---

[2] Often complaints cannot contain all the pertinent facts until after discovery, as the details are usually in the defendant's possession.

sought before trial under Rule 15(a)(2), or at and after trial under Rule 15(b).  Fed. R. Civ. P. 15 advisory committee's note (2009 amend.).  Granting of leave to amend is likewise routine in FDCPA cases like this one and courts do not hesitate to grant leave to amend even at late stages in the proceeding. *See, eg. Devera v. Merchants & Medical Credit Corp., Inc.*, No. 15-cv-1349-LA, Order granting leave to file second amended complaint (E.D. Wis., Oct. 10, 2017)

**II.    Nothing in the amended complaint is prejudicial or a surprise to Defendants.**

The standard for amending a complaint pursuant to Fed. R. Civ. P. 15 is liberal, espousing a preference to dispose of matters on the merits, rather than by technicality.  Since the 2009 amendments to Rule 15(a)(1), the Seventh Circuit has continued to evaluate requests for leave to amend under Rule 15(a)(2) under the permissive, "when justice so requires" standard. *Independent Trust Corp. v. Stewart Information Services Corp.,* 665 F.3d 930, 943 (7th Cir. 2012); *citing Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) and *Foster v. DeLuca,* 545 F.3d 582 (7th Cir. 2008). Courts in this District have followed suit.  *Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016, 1018 (E.D. Wis. 2013) ("Defendant objects to plaintiff's request to amend but, pursuant to the criteria in Fed. R. Civ. P. 15(a), I see no reason not to grant it.  Permission to amend should be liberally granted, and defendant suffers no prejudice from the amendment.  Accordingly, I will treat defendant's Rule 12(b)(6) motion as a motion to dismiss the amended complaint."); *Lang v. Americollect, Inc.*, No. 12-cv-297-WEC; slip op. at 3-4 (Oct. 19, 2012) (Order Granting Mot. for Leave to File Am. Compl.).  A district court may only deny leave to amend if "there is undue delay, bad faith or dilatory motive." *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007).  The Court may also deny a motion for leave to amend if "undue prejudice to the opposing party by

5

virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922-23 (citations omitted).

There is no undue delay, bad faith or dilatory motive here, and Defendants will not in any way be prejudiced if the Court grants this motion. *See American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 728 (7th Cir. 1986); *Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3rd Cir. 1981). Plaintiff requests this amendment to the complaint during the discovery period and before any depositions have been taken. The scheduling order need not be suspended or modified. The proposed 2d Am. Compl. simply adds facts Plaintiffs learned in discovery, clarifies how Defendants' debt collection letter violated the FDCPA and WCA, and eliminates two defendants and associated counts from the action. This motion is routine and ones like it are routinely granted. In fact, as discussed in the Court's December 15, 2017 Order, the 2d Am. Compl. narrows the issues for discovery and streamlines the prosecution of this case.

### III. The proposed amendments are not futile.

"District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (citing *Brunt v. SEIU*, 284 F.3d 715, 720-21 (7th Cir. 2002)). In this case, the Court granted Plaintiff leave to file a motion to amend the complaint to cure the defects identified by the Court in the December 15, 2017 Order.[3]

The proposed 2d Am. Compl. streamlines the issues by focusing only on whether the balance Unifund stated was inaccurate or misleading. The Court dismissed this claim as to Unifund in the First Amended Complaint, but the claim had been pled by comparing the amounts

---

[3] Plaintiff preserves his right to appeal the dismissal of all claims pled in the first amended complaint upon entry of final judgment, if necessary.

6

in Unifund's letter and prior letters sent on behalf of Citibank. (Dkt. No. 32 at 5-6). The Court held that "Plaintiff does not even attempt to explain how Unifund could somehow be responsible for the balances stated in the prior letters, sent by unaffiliated entities and long before Unifund's involvement with the debt." (Dkt. No. 32 at 5-6). Because the count was "tied solely to the different balances of the other letters," absent some explanation for how Unifund would be at fault for (or even aware of) the inconsistent balances stated in the other letters, there was no basis for relief. (Dkt. No. 32 at 6). The Court also noted that Plaintiff did not plausibly allege the balance was inaccurate because he did not allege that he understood the balance stated by Unifund to be inaccurate based on his own personal recollection. (Dkt. No. 32 at 6). The Proposed Second Amended Complaint remedies these defects.

### A. The Proposed Second Amended Complaint states a claim that Unifund's letter misstates the balance.

The First Amended Complaint based the claim that Unifund misstated the "amount of debt" on the balances stated in letters sent by other debt collectors who may have, themselves, overstated the debt. *See* (Dkt. No. 32 at 6). The amendments provide independent support for the claim. The proposed 2d Am. Compl. includes a copy of the original creditor's (i.e. Citibank's) account statement, which clearly states that the amount of the debt at the time of charge off was $19,844.39. Appendix A, Exhibit A  The proposed 2d. Am. Compl. also includes a copy of Plaintiff's extracted account information, which shows that $4.02 in post-charge off credits were applied to Plaintiff's account, making the "current balance" of the account $19,840.37, consistent with the balance stated in the debt collection letters mailed before the account was sold to Unifund. Appendix A, Exhibit E. The proposed 2d Am. Compl. alleges that Unifund's letter misstated the amount of the debt as $19,548.08.

7

The complaint also references an unrelated but instructive complaint brought by a debt buyer against a consumer. In that case, the debt buyer, Midland Funding, LLC, initially sent collection letters stating that the amount of the debt was $1,814.44 (the debt's "Sale Amount") but later sued the debtor seeking "the unpaid balance of $1,856.44" (the sum of the debt's "Charge Off Amount" and "Accrued Interest"). Although Midland Funding is not a party to this case, its complaint is instructive as to whether it is "plausible" that Plaintiff may prevail on his claim that Unifund's letter misstated the amount of the debt by understating the actual balance. As a matter of law, the actual balance of the account is a question of fact that cannot be resolved on at the pleading stage. *See Muller v. Midland Funding*, 2016 U.S. Dist. LEXIS 68939, at \*6-8 (W.D. Mo. May 26, 2016). In light of these allegations, the Proposed 2d Am. Compl. provides evidence that would support a finding that Unifund misstated the balance of the account. Plaintiff need not address materiality or disprove a potential bona fide error defense at this stage. *See, e,g., Jenkins v. Heintz*, 124 F.3d 824, 831 (7th Cir. 1997) (a debt collector's defense that it is relying on information supplied by the creditor is analyzed under the bona fide error reasonableness standard); *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 ("Section 1692g(a) also does not have an additional materiality requirement, express or implied."). Moreover, a false statement that understates a balance is material. *E.g., Pickard v. Lerch*, 2005 U.S. Dist. LEXIS 45457, at \*13 (S.D. Ind. May 26, 2005) (false statement as to the balance violated the FDCPA because "[t]he fact that [the debt collector] decided to underestimate the amount of debt allegedly owed rather than overestimate is unavailing."); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, \*62-63 (D. Mass. Nov. 20, 2012) ) ("MEEB therefore understated the amount of legal fees owed for both units in the first May 17, 2005 letter. MEEB's false representation of the amount of the debt through

May 17, 2005, thus violated section 1692e(2)(A)."), *amended in part*, 969 F. Supp. 2d 74 (D. Mass. 2013), *aff'd in part, rev'd in part and remanded*, 775 F.3d 109, 127-28 (1st Cir. 2014) (affirming magistrate judge's finding that debt collector violated FDCPA but did not act willfully or knowingly because "in at least one instance, MEEB's incorrect statement about the amount owed by McDermott went in McDermott's favor (i.e., MEEB said he owed less than he really did), which supports her finding that MEEB was not simply trying to increase its legal fees.").

### B. The Proposed Second Amended Complaint states a claim that Unifund's letter misleads the unsophisticated consumer as to the character of the debt.

The proposed amendments also support claims for misleading Plaintiff as to the character of the debt under 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f. The proposed 2d Am. Compl. alleges that, when Citibank assigned the account, it gave Defendants access to Plaintiff's account history, which includes copies of prior account statements, prior debt collection letters third party debt collectors sent on Citibank's behalf, and a spreadsheet file containing the extracted account information. Appendix A, ¶¶ 50-54; Appendix A, Exhibits A, B, E. The extracted account information and Citibank account statements made it clear to Defendants that the account charged off with a balance of $19,844.39. *Id.* The extracted account information and debt collection letters also made it clear to Defendants that post-charge off credits were applied to the account in the amount of $4.02, making the "current balance" of the account $19,840.37. *Id.* Assuming Defendants actually unilaterally decided to reduce the balance to $19,548.08, they knew or should have known that Plaintiff would undoubtedly be confused and misled as to the "true character of the debt," and whether Defendants were actually trying to offer Plaintiff a settlement, or had actually forgiven a portion of the debt. That the amount "forgiven" exactly corresponds to the amount of Citibank's last month of interest does not cure any confusion. Without explaining or itemizing the credits to the account, or whether

9

that amount could be collected later, Defendants mischaracterized the debt. *See Fields*, 383 F.3d at 565-66.

Even if the debt collector correctly states the balance, if that balance has changed due to adjustments other than added interest, the debt collector must itemize the adjustments in order to avoid confusing the consumer as to the character and validity of the debt. *Compare Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1112 (N.D. Ill. Jan. 27, 2014) (lumping interest and principal was not confusing on its face without extrinsic evidence) *with Acik v. I.C. Sys.*, 640 F. Supp. 2d 1019, 1025 (Aug. 6, 2009) (lumping collection fee with interest fee into "Additional Client Charges" was confusing on its face). Unlike added interest, the consumer cannot reasonably be expected to understand that a balance has been reduced in amount because a debt collector has subtracted one month's interest more than a year after the debt charges off. *See Fields*, 383 F.3d at 566 ("It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt."); *see also Pickard*, 2005 U.S. Dist. LEXIS 45457, at *13-14 (failure to explain contradiction between two different balances was materially misleading because "even if the [debt collector's] letter was not literally false in its statement of the amount of the debt, [it] was confusingly misleading.").

Failure to explain why the balance changed in this case is material. A misrepresentation is material if it has "the ability to influence a consumer's decision." *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011)). As an initial matter, Plaintiff is not required to prove materiality at this time. *E.g., Muller*, 2016 U.S. Dist. LEXIS 68939, at *6 ("nearly all of the cases cited by

10

Case 2:17-cv-01051-JPS   Filed 12/22/17   Page 10 of 12   Document 35

defendants regarding materiality reach that issue on summary judgment – after a full record has been developed.").

Moreover, the false characterization of the debt as not including a post-charge off forgiveness of almost $300 in interest is clearly material to the consumer because a consumer that has been advised that his account has been adjusted downward is more likely to dispute the remaining debt, requiring the debt collector to report the debt as disputed and provide verification or cease its collection attempts. *Fields*, 383 F.3d at 566; *see also, e.g., Mikolajczyk v. Universal Fid., LP*, 2017 U.S. Dist. LEXIS 24587, at *11 (Feb. 22, 2017) (a misrepresentation is material if it "may dissuade [the consumer] from exercising her unfettered right to dispute a debt."); *ValleCastro v. Tobin, Melien & Marohn*, 2015 U.S. Dist. LEXIS 145661, at *22-23 (dismissing FDCPA claim because "it is not clear how [the misrepresentation] would impact ValleCastro's ability to dispute or satisfy her obligations."); 15 U.S.C. §§ 1692e(8); 1692g(b). The resultant effects of any potential dispute investigation are not relevant to the materiality inquiry because "[t]he fact that a consumer disputed the debt is an 'extremely pertinent piece of information' that could have 'far reaching consequences' for a consumer." *see also Bowse v. Portfolio Recovery Assocs., LLC*, 218. F. Supp. 3d 745, 752-53 (N.D. Ill. Nov. 2, 2016) (quoting *Gomez v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 79647, at *10 (N.D. Ill. June 20, 2016); *Fields*, 383 F.3d at 566 (itemization is necessary so that the consumer may assess the validity of the debt whether or not the debt is valid).

Whether Unifund misstated the balance is a question of fact that cannot be resolved on a motion to dismiss. And, even assuming the balance in Unifund's letter was actually correct, in light of the amendments, it is clear that the proposed 2d Am. Compl. also states a claim that Defendants failed to itemize Plaintiff's account adjustments.

11

Case 2:17-cv-01051-JPS   Filed 12/22/17   Page 11 of 12   Document 35

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the proposed Second Amended Complaint, filed *instanter* as Appendix A. To the extent necessary, Plaintiff renews the pending motion for class certification and adopts the previously-filed motions and briefs in support. (Dkt. No. 2).

Respectfully submitted,

s/ John D. Blythin
John D. Blythin

John D. Blythin (SBN 1046105)
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110
jblythin@ademilaw.com
(414) 482-8000
(414) 482-8001 (FAX)