# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES LIVERMORE,<br><br>  Plaintiff,<br>v.<br><br>UNIFUND CCR LLC, PILOT RECEIVABLES MANAGEMENT LLC, DISTRESSED ASSET PORTFOLIO III LLC, and NORTHLAND GROUP, INC.,<br><br>  Defendants. | Case No. 17-CV-1051-JPS<br><br><br>**ORDER** |

On December 15, 2017, the Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint. (Docket #32). In that same order, the Court permitted Plaintiff to move for leave to file a Second Amended Complaint (the "SAC"). *Id.* at 13-14. He did so on December 22, 2017. (Docket #34). The motion is now fully briefed. (Response, Docket #36; Reply, Docket #38). In the interest of brevity, the Court assumes familiarity with its December 15, 2017 order.

Federal Rule of Civil Procedure 15 governs amendment of pleadings. It provides that leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts nevertheless "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile[.]" *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). As to that final ground, an amendment is futile when "the proposed amendment fails to cure the deficiencies in the

original pleading, or could not survive a second motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). The Court of Appeals has stressed that Rule 15(a)(2) announces a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015).

The SAC pares down Plaintiff's case to two related counts and eliminates Defendants Northland Group, Inc. ("Northland") and Pilot Receivables Management LLC ("Pilot"). (Docket #34-1).[1] Count One alleges that Defendant Unifund CCR LLC's ("Unifund") June 15, 2017 letter violated the Fair Debt Collection Practices Act, namely its prohibition on misleading representations, 15 U.S.C. § 1692e, and its requirement that debt collectors state the correct amount of the debt, *id.* § 1692g. (Docket #34-1 at 19-20).

His theory on Count One is as follows. Citibank sold Plaintiff's debt to Defendant Distressed Asset Portfolio III LLC ("DAP"). *Id.* at 8. Information provided in discovery shows that on the sale date, the "sale amount" of Plaintiff's debt was $19,548.08, the "charge off balance" was $19,844.39, and the "current balance" was $19,840.37. *Id.* at 8-10; *see also* (Docket #34-6). Unifund's letter informed him that the "balance placed" with Unifund was the first figure, $19,548.08. (Docket #34-1 at 7); *see also* (Docket #34-5). Plaintiff says that this statement omits the final month of interest which accrued before the debt was sold, which explains the differing balances. (Docket #34-1 at 10). He further asserts that the "current balance" is true debt amount which Unifund could theoretically collect

---

[1] Pilot's absence is unexplained, but Plaintiff reports that he has resolved his claims with Northland, and that Northland may therefore be dismissed from this action with prejudice. (Docket #33).

from him. *Id.* at 10-11. Thus, Plaintiff maintains, the Unifund either misstated the amount of debt, or at very least attempted to mislead him about the actual amount. *Id.* at 11-12, 19-20. Count Two, asserted against Unifund and DAP, maintains that this same misstatement or attempt to mislead also violates the Wisconsin Consumer Act. *Id.* at 20-21.

Defendants assert that Plaintiff's motion suffers from all of the defects identified in *Arreola*. As to the majority of them, dealing with prejudice and delay, the Court has already concluded that Plaintiff should be allowed to file the instant motion. (Docket #32 at 13-14). Subsumed in that ruling was an appreciation of those concerns. However, as noted in that same passage, those concerns would preclude any further amendment of the complaint. *Id.* In other words, the SAC is Plaintiff's last chance to offer a viable pleading.

The only issue not addressed (and which could not have been without the SAC) was futility. In light of the liberal standard applied to Plaintiff's motion, the Court concludes that the SAC is not futile, inasmuch as it appears to cure the deficiencies identified in the Court's order on the motion to dismiss. The SAC greatly narrows Plaintiff's claims, changes them slightly, and rests those claims not on prior letters from third parties, but rather Defendants' own documents.

The Court appreciates the parties' efforts to address the alternative basis for futility: whether the SAC would survive a new motion to dismiss. However, the Court believes it is more prudent to address any particular concerns Defendants may have with the SAC in further dispositive motion practice. Indeed, certain issues Defendants raised previously, such as standing, could not be addressed in the context of the instant motion. The parties' briefing on the motion for leave to amend is also relatively short,

suggesting that it may not fully explore the relevant issues. It will be more efficient, and hopefully allow the Court to reach a sounder conclusion, if Defendants' arguments are evaluated upon summary judgment or, if necessary, another motion to dismiss.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint (Docket #34) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint (Docket #34-1) shall be his operative pleading;

**IT IS FURTHER ORDERED** that Defendants Pilot Receivables Management LLC and Northland Group, Inc. be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay class certification briefing (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2]The Court will also address Plaintiff's long-standing motion to stay class certification briefing, as required to preserve Plaintiff's standing to bring a class action under *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). Defendants did not oppose the motion, and in fact have indicated their agreement to it. (Docket #21 at 4). The motion will, therefore, be granted. Class certification briefing is stayed until Plaintiff files an amended class certification motion.